# GENERAL POWER OF ATTORNEY
# AND
# MEDICAL POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that I, JOHN LAWRENCE HAJDUK, RD#1 BOX 93AA, MARKLEYSBURG, PENNSYLVANIA, 15459, hereby appoint MARY L. HAJDUK, RD#1 BOX 93AA, MARKLEYSBURG, PENNSYLVANIA, 15459, (412) 329-8241, as my lawful attorney and representative to manage and conduct all my estate and affairs and to act on my behalf to give, withhold or withdraw informed consent to health care decisions in the event that I am not able to do so myself. If my representative is unable, unwilling or disqualified to serve, then I appoint, DONNA HAJDUK, 98 W. BRENTRIDGE, PITTSBURGH, PENNSYLVANIA, 15227, (412) 881-7522 (Home) and (412) 469-5025 (Work) as my successor representative.

My representative shall act to do or to join in doing any or all of the following acts, deeds and things:

1. To deposit and withdraw, in either my name or my said attorney's name, in and from any checking, savings or other account in any banking institution, savings and loan association, mutual fund or any other financial institution, any funds, negotiable paper, or moneys which may come into my said attorney's hands, as such attorney, or which I now or hereafter may have or deposit or be entitled to;

2. To buy, lease or otherwise acquire, to sell, convey, mortgage, pledge, or otherwise encumber or dispose of, or to contract for the acquisition, disposal, or encumbrance of, any property whatsoever or any interest therein, upon such terms, considerations and conditions as my said attorney shall think proper;


EXHIBIT 1

3. To hold, invest, lease, or otherwise manage any property or interest therein; to eject or relieve tenants or other persons from, and recover possession of, such property by all lawful means; and to maintain, preserve, insure, remove, alter, modify or improve the same or any part thereof;

4. To transact all and every kind of business of any nature or kind whatsoever, including, without limitation, the collection, payment, and adjustment of all rents, accounts, bequests, interests, dividends, annuities, taxes and obligations, or any refund or discount thereon;

5. To execute, endorse, acknowledge, and deliver deeds, agreements, checks, notes, and such other instruments as may be necessary, convenient, or proper;

6. To borrow any sums of money in my name and upon such terms as my said attorney shall see fit, and to pledge or give as security therefor, any or all of my property;

7. To institute and dispose of legal, equitable, or administrative actions, suits, attachments, distresses or other proceedings, or otherwise engage in litigation in connection with any of the provisions set forth in this power of attorney;

8. To engage and dismiss agents, counsel, and employees in respect to any of the matters or things herein mentioned upon such terms as my attorney shall think fit;

9. To prepare, execute, and file income and other tax returns, and other governmental reports, applications, requests, and documents;

10. To enter, deposit in or remove items from, and to lease and release, any safe deposit box now or at any time in the future, in either my name or my said attorney's name;

11. To make gifts;

12. To create a trust for my benefit and to make additions to an existing trust for my benefit;

13. To claim an elective share of the estate of my deceased spouse;

14. To disclaim any interest in property to which I am entitled;

15. To renounce any fiduciary position to which I have been appointed or in which I am now serving;

16. To withdraw and receive the income or corpus of a trust;

17. To authorize my admission to a medical, nursing, residential or similar facility and to enter into agreements for my care;

18. To authorize medical and surgical procedures;

19. To delegate to another any and all the powers herein granted unto my said attorney as my said attorney deems proper and to revoke such a delegation at my attorney's sole discretion; and

20. To irrevocably appoint as my said attorney's successor, one or more attorneys.

AND GRANTING, unto my said attorney and my said attorney's successors and delegates full authority to do every act, deed, matter and thing whatsoever in and about my estate, property, and affairs as fully and effectually as I might if personally present, the above specially enumerated powers being in exemplification of the general power herein granted and not in limitation thereof; and hereby ratifying all that my said attorney shall lawfully do or cause to be done by virtue of these presents.

The terms "estate," "affairs" and "property", as used herein include all real, personal and mixed property of every kind and description whatsoever and wheresoever situated, and every right, title, interest, claim, demand, or action thereunto appertaining, whether said property be tangible or intangible, jointly or severally owned, or now or hereafter acquired.

This appointment shall extend to (but not be limited to) decisions relating to medical treatment, surgical treatment, nursing care, medication, hospitalization, care and treatment in a nursing home or other facility, and home health care. The representative appointed by this document is specifically authorized to act on my behalf to consent to, refuse or withdraw any and all medical treatment or diagnostic procedures, if my representative determines that I, if able to do so, would consent to, refuse or withdraw such treatment or procedures. Such authority shall include, but not be limited to, the withholding or withdrawal of life-prolonging intervention when in the opinion of two physicians who have examined me, one of whom is my attending physician, such life-prolonging intervention offers no medical hope of returning me to a state of health allowing me to be self-sufficient.

I appoint this representative because I believe this person understands my wishes and values and will act to carry into effect the health care decisions that I would make if I were able to do so, and because I also believe this person will act in my best interests when my wishes are unknown. It is my intent that my family, my physician and all legal authorities be bound by the decisions that are made by the representative appointed by this document, and it is my intent that these decisions should not be the subject of review by any health care provider, or administrative or judicial agency.

It is my intent that the medical provision of this power of attorney be legally binding and effective. In the event that the law does not recognize the medical provision power of attorney as legally binding and effective, it is my intent that this document be taken as a formal statement of my desire concerning the method by which any health care decisions should be made on my behalf during any period when I am unable to make such decisions. If any health care provider refuses to withhold care pursuant to the medical provision of this

power of attorney because the state in which I am being treated does not recognize this medical power of attorney as legal, I direct my representative to immediately order my transfer to a medical or nursing facility in a state which will recognize this medical power of attorney as legally binding.

In exercising the authority under this Medical Power of Attorney, my representative shall act consistently with my special directives or limitations as stated on the attached Medical Power of Attorney Checklists. I have on the following four pages of the Medical Power of Attorney Checklists indicated my desires by checking the options of treatment in various potential situations which I may encounter in a serious illness or injury situation. I have placed my initials on each of the checklist pages for identification purposes.

THE MEDICAL PROVISION OF THIS POWER OF ATTORNEY SHALL BECOME EFFECTIVE ONLY UPON MY INCAPACITY TO GIVE, WITHHOLD OR WITHDRAW INFORMED CONSENT TO MY OWN MEDICAL CARE. THE REMAINDER OF THIS POWER OF ATTORNEY IS IMMEDIATELY EFFECTIVE.

In making decisions regarding my health care, I request that my personal representative consult with a member of the clergy of my faith. I also want to receive the Last Rites of the Roman Catholic Church.

It is my full desire to give my personal representative the authority to act on my behalf regardless of my representative being a beneficiary of a policy of insurance on my life or my representative's status as an heir to my estate upon my death.

It is my desire that this Power of Attorney be treated as a durable power of attorney and it shall not lapse by any reason of my possible future incapacity, either mental and/or physical.

If, upon my subsequent disability or incapacity, incompetency proceedings for my estate or person are thereafter commenced, I nominate the said MARY L. HAJDUK, as the guardian of my estate and person as appropriate.

This document is to be effective even if there is a change in the marital status of the parties after execution.

In addition to the Power Of Attorney language, if it is determined that actions under this Power Of Attorney require the performance of an individual licensed to practice law, I direct that my personal representative be permitted to select such attorney as she so desire. I recommend but do not require that Thomas E. Crenney, Esquire and/or Ben F. Wright, Esquire be considered.

I further direct that a photocopy of this document be honored with the full authority of the original.

These directives shall supersede any directives made in any previously executed document concerning my health care.

_____
JOHN LAWRENCE HAJDUK

I did not sign the principal's signature above. I am at least eighteen years of age and am not related to the principal by blood or marriage. I am not entitled to any portion of the estate of the principal according to the laws of intestate succession the state of the principal's domicile or to the best of my knowledge under any will of the principal or codicil thereto, or legally responsible for the costs of the principal's medical care or other care. I am not the principal's attending physician, nor am I the representative or successor representative of the principal.

WITNESS: _Sandra W. Nopal_    DATE: 3-12-93

WITNESS: _Mary M. David_    DATE: 3-12-93

STATE OF PENNSYLVANIA,

COUNTY OF FAYETTE, to wit:

I, _BORGIA MARKOVICH_, a Notary Public of said County, do certify that JOHN LAWRENCE HAJDUK, as principal, and _S.W. KOKAL Esq_ and _MARY DAVID_, as witnesses, whose names are signed to the writing bearing date on the _12th_ day of _MARCH_, 1993 have this day acknowledged the same before me.

Given under my hand this _12th_ day of _MARCH_ 1993.

Notary Public: _Borgia Marie Markovich_

NOTARIAL SEAL
BORGIA MARIE MARKOVICH, Notary Public
UNIONTOWN, FAYETTE COUNTY, PA.
MY COMMISSION EXPIRES AUGUST 23, 1993