## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

### AT PITTSBURGH

TACTICAL PERSONNEL LEASING, INC.
a Pennsylvania corporation, d/b/a
Caduceus-Lex Medical Auditing, Inc.

      Plaintiff,

v.                                 Civil Action No. 2:18-cv-00203-CB

Mary L. Hajduk,

      Defendant.

### FIRST AMENDED COMPLAINT

Comes now Plaintiff, by counsel, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure and for its first amended complaint, avers and states as follows:

#### PARTIES

1. Plaintiff Tactical Personnel Leasing, Inc. is a corporation formed under Pennsylvania law with its registered offices located in Markleysburg, Fayette County, Pennsylvania. Plaintiff transacts business as Caduceus-Lex Medical Auditing, Inc., a fictitious name registered with the Pennsylvania Department of State. Plaintiff is hereafter referred to as "Caduceus".

2. Plaintiff operates a utilization review organization established pursuant to regulations contained in 34 Pa. Code Chapter 127 promulgated pursuant to the Pennsylvania Worker's Compensation Act 77 P. S. 101 *et seq*. as amended.

**William J. Leon, LC**
1200 Dorsey Avenue
Suite III
Morgantown, WV
26501
304.554.3880

1

3.     Defendant is a resident of Fayette County, Pennsylvania and is an attorney licensed to practice law in the state of Pennsylvania.

JURISDICTION AND VENUE

4.     Plaintiff's complaint asserts a private cause of action under the Computer Fraud and Abuse Act, 18 U.S.C. §1030(g). Federal question jurisdiction per 28 U.S.C. §1332 therefore exists in this action.

5.     Plaintiff's complaint asserts common-law claims of fraud, conversion, breach of fiduciary duty and breach of contract under Pennsylvania law. Supplemental jurisdiction pursuant to 28 U.S.C. §1367 exists for Plaintiff's state law claims.

6.     Given that Defendant resides in Fayette County, Pennsylvania and that a substantial part of the events giving rise to Plaintiff's claims occurred in Fayette County, Pennsylvania, venue is appropriate in United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §1391(b)(1) and (2).

GENERAL AVERMENTS

7.     Plaintiff began providing utilization review services circa 1995. Plaintiff's principal place of business is currently located at 894 Vanderbilt Ave., Connellsville, Pennsylvania.

8.     Since its inception, J. Lawrence Hajduk has been Plaintiff's President and sole shareholder. J. Lawrence Hajduk is sometimes hereafter referred to as "Plaintiff's sole officer and shareholder".

William J. Leon, LC
1200 Dorsey Avenue
Suite III
Morgantown, WV
26501
304.554.3880

2

9.      J. Lawrence Hajduk is a retired attorney licensed to practice law in the state of Pennsylvania. Beginning in 1994, J. Lawrence Hajduk's law practice was principally located at 5340 National Pike, Markleysburg, Pennsylvania. J. Lawrence Hajduk continued to practice law principally at this location until health issues forced his retirement in 2000.

10.      J. Lawrence Hajduk and Defendant were married on August 22, 1986. Defendant acquired her license to practice law in the Commonwealth of Pennsylvania on 1994. Defendant thereafter commenced practicing law as a solo practitioner with offices located at 5340 National Pike, Markleysburg, Pennsylvania; the Uniontown Mall in Uniontown, Pennsylvania and at 253 S. Mount Vernon Ave., Uniontown, PA.

11.      That at no time did Defendant and J. Lawrence Hajduk engage in the practice of law as partners in the same firm but rather they shared office space.

12.      That in September of 2000, J. Lawrence Hajduk suffered a heart attack and stroke.

13.      That prior to his heart attack and stroke, in addition to practicing law, J. Lawrence Hajduk generally oversaw the operation of Plaintiff's utilization review business.

14.      That because of said heart attack, stroke and months of rehabilitation that followed, J. Lawrence Hajduk began receiving Social Security Disability Insurance benefits circa 2002. Due to his disability, J. Lawrence Hajduk was forced

William J. Leon, LC
1200 Dorsey Avenue
Suite III
Morgantown,  WV
26501
304.554.3880

3

to cease practicing law and to cease his day to day involvement in the management, and oversight of Plaintiff's utilization review business.

15.    That as a result of J. Lawrence Hajduk's disability, beginning in 2000, Defendant operated Plaintiff Caduceus as its agent and legal counsel by and through persons employed by Plaintiff Caduceus. As a result, Defendant owed Plaintiff fiduciary and professional duties to act with utmost good faith and fidelity in the operation of Plaintiff's business for Plaintiff's sole benefit.

16.    By agreement between Defendant and Plaintiff's sole officer and shareholder, Defendant agreed to review the utilization reports provided by Plaintiff to assure that such reports complied with requirements of Pennsylvania law. In exchange, Defendant was to be compensated on an hourly basis at a rate approved by the Pennsylvania Bureau of Worker's Compensation. From March 1, 2014 until Defendant ceased providing legitimate quality assurance services on February 18, 2016, the Pennsylvania Bureau of Worker's Compensation approved a rate of $90 per hour for such services. Prior to March 1, 2014, the Bureau of Worker's Compensation had approved a lower rate of compensation for Plaintiff. That rate is not presently known to Plaintiff as Defendant has removed files from Plaintiff' is principal place of business.

17.    That per the agreement between Defendant and Plaintiff's sole officer and shareholder, profits generated by Plaintiff were to be placed in a separate account in J. Lawrence Hajduk's name and used solely to provide for his care if he became incapacitated and in need of skilled nursing care. On information and belief,

William J. Leon, LC
1200 Dorsey Avenue
Suite III
Morgantown, WV
26501
304.554.3880

4

rather than depositing profits from Caduceus's operations into an account for the benefit of J. Lawrence Hajduk, Defendant caused checks to be issued by Plaintiff and made payable to Defendant to be deposited in checking accounts solely within Defendant's control.

18.    That at all times relevant hereto, Plaintiff maintained a checking account at the First National Bank of Pennsylvania its branch located in Chalk Hill, Pennsylvania and at Pittsburgh National Bank located in Uniontown, Pennsylvania.

19.    That at no time did Defendant have signature authority on Plaintiff's checking accounts.

20.    Being aware of the diminished health of J. Lawrence Hajduk and resultant inability of her husband to oversee and manage Plaintiff's operations and knowing that given their marital relationship, J. Lawrence Hajduk trusted Defendant and believed that she was looking out for the best interests of Plaintiff, Defendant conceived of a plan to embezzle funds from Plaintiff.

21.    That in furtherance of her fraudulent and unlawful scheme, commencing in January 2008 and continuing until January 2009, Defendant, through the use of computers connected to the Internet, caused payments totaling $38,096.87 to be made from Plaintiff's checking accounts to credit card accounts maintained solely in Defendant's name. An itemized list of such payments is attached as Exhibit A and incorporated herein by reference.

22.    That in furtherance of her fraudulent and unlawful scheme, commencing in January 2008 and continuing until March 31, 2010, Defendant

**William J. Leon, LC**
1200 Dorsey Avenue
Suite III
Morgantown, WV
26501
304.554.3880

5

caused checks totaling $99,901.00 to be issued from Plaintiff's checking account payable to Fayette Professional Offices, Ltd, a corporation owned solely by Defendant. During the time such payments were made, Fayette Professional Offices provided no services to Plaintiff but rather was a corporate shell used by Defendant to divert funds from Plaintiff. An itemized list of such payments is attached as Exhibit B and incorporated by reference.

23.    That in furtherance of her fraudulent and unlawful scheme, beginning on May 25, 2010 and continuing through February 23, 2016, Defendant caused checks totaling $419,300.00 to be issued from Plaintiff's checking account payable to Defendant. An itemized list of such payments is attached as Exhibit C and incorporated by reference. Defendant had provided no itemized statements or other documentation establishing the basis for the monies taken from Plaintiff.

24.    That in furtherance of her fraudulent and unlawful scheme, Defendant caused checks issued by the Pennsylvania Bureau of Worker's Compensation payable to Plaintiff for utilization review services provided by Plaintiff to be mailed to Defendant's law offices located at 5340 National Pike, Markleysburg, Pennsylvania rather than to Plaintiff's office located at 894 Vanderbilt Ave., Connellsville, PA.

25.    Plaintiff's sole shareholder learned of Defendant's diversion of checks from the Pennsylvania Bureau of Worker's Compensation payable to Plaintiff as described in Paragraph 24 by happenstance. On November 14, 2017, Plaintiff's sole shareholder received an envelope from an employee of the United States Postal

William J. Leon, LC
1200 Dorsey Avenue
Suite III
Morgantown, WV
26501
304.554.3880

6

Service in Plaintiff's name but deliverable to Defendant's law office at 5340 National Pike, Markleysburg, Pennsylvania. Said envelope contained check 6260 3002110262 payable to Plaintiff in the amount of $1,271.07 issued by the Commonwealth of Pennsylvania.

26.    That on November 20, 2017, Plaintiff's sole shareholder received an envelope from an employee of the United States Postal Service in Plaintiff's name but deliverable to Defendant's law office at 5340 National Pike, Markleysburg, Pennsylvania. Said envelope contained check 6260 3002165575 payable to Plaintiff in the amount of $1,492.60 issued by the Commonwealth of Pennsylvania.

27.    That in furtherance of her unlawful plan, Defendant retained the services of Gregory Hensch, a certified public accountant employed in Uniontown, Pennsylvania to prepare state and federal income tax returns for Plaintiff based solely upon information provided by Defendant.

28.    That Plaintiff's income tax returns were not provided to Plaintiff's sole officer, J. Lawrence Hajduk, to sign on behalf of Plaintiff. Rather, Defendant signed Plaintiff's state and federal income tax returns claiming that she was power of attorney for J. Lawrence Hajduk.

29.    That to the best of the knowledge of Plaintiff's sole shareholder and officer, Plaintiff did not grant Defendant an IRS Form 2848 power of attorney authorizing Defendant to file federal income tax returns on behalf of Plaintiff.

30.    That the federal income tax returns presently in Plaintiff's possession and filed by Defendant purportedly on behalf of Plaintiff contain incorrect

William J. Leon, LC
1200 Dorsey Avenue
Suite III
Morgantown, WV
26501
304.554.3880

7

information included in said returns by Defendant in an effort to conceal her misappropriation of Plaintiff's funds.

31.     In an attempt to conceal her misconduct, Defendant removed substantially all banking records and income tax returns from Plaintiff's Connellsville, Pennsylvania office and either destroyed or secreted the same at a location or locations not presently known to Plaintiff.

32.     During their marriage, Defendant and J. Lawrence Hajduk primarily resided at 186 New Beaver Creek Road, Markleysburg, Pennsylvania. On February 18, 2016, Defendant left the marital home and abandoned J. Lawrence Hajduk.

33.     That upon Defendant's departure from the marital home, J. Lawrence Hajduk, began a review Plaintiff's financial records.

34.     That on March 2, 2016, Defendant filed a petition in the Court of Common Pleas of Fayette County, Pennsylvania seeking a divorce from J. Lawrence Hajduk. Said action was reinstated by Defendant on December 14, 2016 and on May 2, 2017.

35.     That J. Lawrence Hajduk was served with a divorce complaint on May 4, 2017.

36.     Plaintiff has, to date, been unable to secure financial records for its business concerning transactions occurring prior to 2008 but believes that Defendant's financial self-dealing and other misconduct began in the year 2000 soon after J. Lawrence Hajduk was incapacitated. Plaintiff therefore reserves the right to amend this complaint as additional pertinent evidence is acquired.

**William J. Leon, LC**
1200 Dorsey Avenue
Suite III
Morgantown,  WV
26501
304.554.3880

8

## COUNT I
### (COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. §1030(G)

37. Plaintiff restates and incorporates the averments contained in Paragraphs 1 through 36 of the Complaint.

38. That from the time it commenced business in 1986, Plaintiff owned computers used in the conduct of Plaintiff's business. Software applications installed on Plaintiff's computers circa the mid-1990s allowed Plaintiff's employees and agents to access the Internet in furtherance of Plaintiff's business. Email applications installed on Plaintiff's computers allowed Plaintiff's employees to communicate electronically in furtherance of Plaintiff's business. Financial records concerning Plaintiff's operations, including transactions on Plaintiff's checking account maintained at the First National Bank of Pennsylvania were maintained on computers owned by Plaintiff.

39. That upon assuming responsibility for the operation of Plaintiff's business, Defendant owned and employed computers to transact business on Plaintiff's behalf. Software applications installed on Defendant's computers allowed Defendant to access the Internet in furtherance of Plaintiff's business. Email applications installed on Defendant's computers allowed Defendant to communicate electronically in furtherance of Plaintiff's business.

40. That from May 19, 2008 until September 2, 2008, Defendant used a computer or computers owned by Plaintiff or by Defendant to access Plaintiff's checking account on computers owned and operated by the First National Bank of Pennsylvania and caused electronic payments totaling $3,599.00 to be made from

William J. Leon, LC
1200 Dorsey Avenue
Suite III
Morgantown,  WV
26501
304.554.3880

9

Plaintiff's checking account to a personal credit card account solely in Defendant's name maintained at Advanta Bank.

41.   That commencing on January 1, 2008 and continuing through January 25, 2009, Defendant used a computer or computers owned by Plaintiff or by Defendant to access Plaintiff's checking account on computers owned and operated by the First National Bank of Pennsylvania and caused electronic payments totaling $34,497.87 to be made from Plaintiff's checking account to a personal credit card account solely in Defendant's name and maintained at Capital One.

42.   That the computers accessed by Defendant to make the foregoing transactions constitute "protected computers" as defined by 18 USC §1030(e)(2).

43.   That said transactions were made without Plaintiff's authorization.

44.   That on information and belief, Plaintiff avers that charges on Defendant's said personal credit card accounts were not for expenses incurred for or otherwise related to the operation of Plaintiff's business but rather were charges incurred by Defendant solely for her personal benefit.

45.   That upon learning of the foregoing unauthorized charges and transactions, Plaintiff's sole officer and shareholder and persons employed by Plaintiff conducted investigations and assessments to determine the extent to which Defendant had improperly removed or accessed information maintained on protected computers and to secure such computers from further unauthorized access by Defendant. Such assessment and security efforts are ongoing.

William J. Leon, LC
1200 Dorsey Avenue
Suite III
Morgantown, WV
26501
304.554.3880

10

46.     That as a result of Plaintiff's computer assessment and security efforts, Plaintiff incurred a loss in excess of $5,000.00 in a year as defined by 11 USC §1030(c)(4)(A)(I).

47.     That Defendant accessed a protected computer or computers without authorization, and/or exceeded the scope of such authorized access, knowingly and with intent to defraud Defendant and did thereby further the intended fraud and acquired funds from Plaintiff's checking account resulting in the loss of in excess of $5,000.00 in a year by Defendant in violation of 18 USC §1030(a)(4) giving rise to a private right of action under 18 USC §1030(g).

48.     That in the months after Defendant's abandonment of J. Lawrence Hajduk on February 18, 2016, Plaintiff began learning that Defendant had utilized Plaintiff's funds to improperly pay her personal expenses as described herein.

49.     That on information and belief, at a date presently unknown to Plaintiff, Defendant caused a Chase Ink credit card to be issued in Plaintiff's name. When Plaintiff discovered the existence of said credit card in April 2016, Defendant had incurred charges for expenses unrelated to Plaintiff's operations in an amount in excess of $10,000.00.

50.     That on information and belief, Plaintiff avers that in establishing and using said Chase  Ink credit card account, Defendant accessed a protected computer or computers without authorization, and/or exceeded the scope of such authorized access, knowingly and with intent to defraud Defendant and did thereby further the intended fraud and acquired funds from Plaintiff's checking account resulting the

William J. Leon, LC
1200 Dorsey Avenue
Suite III
Morgantown,  WV
26501
304.554.3880

11

loss of in excess of $5,000.00 in a year by Defendant and giving rise to a private right of action under 18 USC §1030(g).

Wherefore, Plaintiff prays that judgment be entered in its favor and against Defendant; that it be awarded an amount sufficient to fully compensate it for the costs incurred by Plaintiff to investigate and assess the extent to which Defendant had improperly removed or accessed information maintained on protected computers and to secure such computers from further unauthorized access by Defendant and in an amount not less than $5,000.00:  be awarded all economic damages recoverable under 18 USC §1030(g) proximately caused by Defendant's unauthorized access to a computer or computers as described herein with prejudgment interest thereon; that it be awarded its costs and attorney fees; and such other relief as the Court deems appropriate.

## COUNT II
### (FRAUD)

51.    Plaintiff restates the averments contained in Paragraph 1 through 36 of the Complaint.

52.    That in light of the disability of Plaintiff's sole officer and shareholder, Defendant hired persons to assist her in the operation of Plaintiff's business. Such persons were employees of Plaintiff. In early 2006, Defendant caused Plaintiff to hire Barbara Smitley to act as Plaintiff's utilization review coordinator.

53.    That effective on or about April 18, 2006, Defendant arranged for Smitley to have authority to transact business on Plaintiff's bank account located at the First National Bank of Pennsylvania.

William J. Leon, LC
1200 Dorsey Avenue
Suite III
Morgantown,  WV
26501
304.554.3880

12

54.   That Defendant assured Smitley and Smitley believed that Defendant had the authorization of Plaintiff's sole shareholder and officer to conduct business by and on behalf of Plaintiff.

55.   That from the time Smitley was hired by Defendant until the time Defendant separated from J. Lawrence Hajduk, Smitley had essentially no interaction with J. Lawrence Hajduk regarding Plaintiff's day-to-day operations. Rather, all direction concerning Smitley's job responsibilities came from Defendant.

56.   That in furtherance of her scheme to embezzle funds from Plaintiff, beginning on January 3, 2008 and continuing on an almost monthly basis through March 31, 2010, Defendant directed Smitley to issue checks in varying amounts from Plaintiff's checking account payable to Fayette Professional Offices, a corporation owned solely by Defendant.

57.   That in furtherance of her scheme to embezzle funds from Plaintiff, beginning on May 25, 2010 and continuing on an almost monthly basis through February 23, 2016, Defendant directed Smitley to issue checks in varying amounts from Plaintiff's checking account payable to Defendant personally.

58.   That the checks payable to Defendant personally were in amounts grossly in excess of any compensation Defendant was due for quality assurance services Defendant may have provided Plaintiff.

59.   That in directing Smitley to issue checks to Fayette Professional Offices and to Defendant personally, Defendant advised Smitley that the checks were being

William J. Leon, LC
1200 Dorsey Avenue
Suite III
Morgantown, WV
26501
304.554.3880

13

issued with the knowledge and at the direction of Plaintiff's sole officer and shareholder.

60.     That said representations by Defendant to Smitley were material to the wrongful transactions at issue; were false; and were knowingly made by Defendant with the intent to mislead Smitley in her capacity as Plaintiff's employee and to induce Smitley to rely upon such representations.

61.     That in justifiable reliance upon on such representations, Smitley, in her capacity as Plaintiff's employee, caused checks totaling $99,901.00 to be issued from Plaintiff's checking account payable to Fayette Professional Offices and payable to Defendant totaling $419,300.00.

62.     That as a direct and proximate result of Defendant's fraudulent inducements, Defendant personally and through businesses she controlled, embezzled $519,201.00 from Plaintiff.

Wherefore, Plaintiff prays that judgment be entered in its favor and against Defendant; that it be awarded an amount sufficient to fully compensate it for all damages caused by Defendant's fraudulent conduct and in an amount not less than $519,201.00 with prejudgment interest thereon; that it be awarded its costs and attorney fees; and such other relief as the Court deems appropriate.

## COUNT III
### (CONVERSION)

63.     Plaintiff restates and incorporates the averments contained in Paragraphs 1 through 36 of the Complaint.

William J. Leon, LC
1200 Dorsey Avenue
Suite III
Morgantown, WV
26501
304.554.3880

14

64.     That Defendant's conduct causing electronic payments to be made from Plaintiff's checking accounts and satisfaction of Defendant's personal credit card debt, and in causing Plaintiff's employees to issue checks to Fayette Professional Offices and to Defendant individually without Plaintiff's knowledge or permission constitutes the unauthorized withholding of Plaintiff's property from Plaintiff, all of which constitutes conversion under Pennsylvania law.

65.     That on information and belief, Defendant caused checks from the Pennsylvania Bureau of Worker's Compensation payable to Plaintiff for amounts presently unknown for utilization review services provided by Plaintiff to be mailed to Defendant's law offices located at 5340 National Pike, Markleysburg, Pennsylvania rather than to Plaintiff's office is located at 894 Vanderbilt Ave., Connellsville, PA.

66.     That upon information and belief, Plaintiff avers that Defendant wrongfully diverted funds payable to Plaintiff to Defendant's use, all of which constitutes a conversion of Plaintiff's property.

67.     That as a direct and proximate result of Defendant's wrongful conversion of Plaintiff's property, Plaintiff has suffered damages of not less than $567,297.87.

Wherefore, Plaintiff prays that judgment be entered in its favor and against Defendant; that it be awarded an amount sufficient to fully compensate it for the value of Plaintiff's property converted by Defendant and in an amount not less than

William J. Leon, LC
1200 Dorsey Avenue
Suite III
Morgantown, WV
26501
304.554.3880

15

$567,297.87, with prejudgment interest thereon; that it be awarded its costs and attorney fees; and such other relief as the Court deems appropriate.

## COUNT IV
### (BREACH OF FIDUCIARY DUTY)

68.    Plaintiff restates and incorporates the averments contained in Paragraphs 1 through 36 of the Complaint.

69.    That beginning in the year 2000 and continuing until February 18, 2016, Defendant acted as Plaintiff's agent and further, during that time, acted as an attorney representing Plaintiff's business interests.

70.    That as Plaintiff's agent and attorney, Defendant owed a fiduciary duty of utmost good faith and fidelity to her principal and client. Such duty included but was not limited to the duty to place Plaintiff's interests before her personal interests and further to account for all monies and property coming into Plaintiff's possession.

71.    That Defendant's conduct as described in this complaint constitutes a breach of fiduciary duties owed Plaintiff.

72.    That as a direct and proximate result of the breach of such fiduciary duties, Plaintiff lost monies and property worth at least $567,297.87.

Wherefore, Plaintiff prays that judgment be entered in its favor and against Defendant; that it be awarded an amount sufficient to fully compensate it for damages caused by Defendant's breach of fiduciary duty and in an amount not less than $567,297.87 with prejudgment interest thereon; that it be awarded its costs and attorney fees; and such other relief as the Court deems appropriate.

**William J. Leon, LC**
1200 Dorsey Avenue
Suite III
Morgantown,  WV
26501
304.554.3880

16

## COUNT V
### (BREACH OF CONTRACT)

73.     Plaintiff restates and incorporates the averments contained in Paragraphs 1 through 36 of the Complaint.

74.     That by agreement between Defendant and Plaintiff's sole officer and shareholder, Defendant was to perform work to insure quality assurance of Plaintiff's utilization reviews and, in exchange for that work was entitled compensation at an hourly rate approved by the Pennsylvania Bureau of Worker's Compensation.

75.     That at no time did the Pennsylvania Bureau of Worker's Compensation approve a rate greater than $90 per hour for utilization review work of the type Defendant was performing for Plaintiff.

76.     That beginning in May 2010 and continuing through February 23, 2016, Defendant caused Plaintiff to issue checks payable to Defendant totaling $419,300.00 purportedly in compensation for quality assurance services provided by Defendant to Plaintiff.

77.     That Defendant caused Plaintiff to compensate Defendant in an amount grossly in excess of the value of services Defendant provided to Plaintiff per the terms of the parties' agreement, all of which constitutes a breach of contract.

78.     That commencing on January 1, 2008 and continuing through January 25, 2009, Defendant used a computer or computers owned by Plaintiff or by Defendant to access Plaintiff's checking account on computers owned and operated by the First National Bank of Pennsylvania and caused electronic payments to be

William J. Leon, LC
1200 Dorsey Avenue
Suite III
Morgantown, WV
26501
304.554.3880

17

made from Plaintiff's checking account to personal credit card accounts solely in Defendant's name and totaling $48,096.87 in payment for charges made on said credit card accounts unrelated to Plaintiff's business, all of which constitutes a breach of contract.

79.    That January 3, 2008 and continuing on an almost monthly basis through March 31, 2010, Defendant caused checks in varying amounts and totaling $99,901.00 to be issued from Plaintiff's checking account payable to Fayette Professional Offices, a corporation owned solely by Defendant and which provided no services to Plaintiff in exchange for such payments, all of which constitutes a breach of contract.

80.    That as a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered damages in the amount of unearned compensation paid to Defendant and totaling $419,300.00; in monies diverted from Plaintiff to pay Defendant's personal credit cards and totaling $38,096.87; and in monies diverted from Plaintiff to Defendant's corporation and totaling $99,901.00 for which Plaintiff received no services.

Wherefore, Plaintiff prays that judgment be entered in its favor and against Defendant; that it be awarded an amount sufficient to fully compensate it for damages caused by Defendant's breach of contract and in an amount not less than $567,297.87, with prejudgment interest thereon; that it be awarded its costs and attorney fees; and such other relief as the Court deems appropriate.

## PLAINTIFF DEMANDS A TRIAL BY JURY

**William J. Leon, LC**
1200 Dorsey Avenue
Suite III
Morgantown, WV
26501
304.554.3880

18

TACTICAL PERSONNEL LEASING, INC.
d/b/a CADUCEUS-LEX MEDICAL
AUDITING, INC.,
Plaintiff, by counsel,

Dated: April 18, 2018

_/s/ William J. Leon_
William J. Leon (PA Bar #207887)
**William J. Leon, LC**
1200 Dorsey Ave., Suite III
Morgantown, WV 26501
304.554.3880
jay@jayleonlaw.com

**William J. Leon, LC**
1200 Dorsey Avenue
Suite III
Morgantown, WV
26501
304.554.3880

19

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2018, I electronically filed the foregoing First

Amended Complaint with the Clerk of Court using the CM/ECF system, which will

send notification of such filing to the following:

> Samuel J. Davis, Esq.
> DAVIS & DAVIS
> 107 East Main St.
> Uniontown, PA 15401
> PA ID No. 23528
>      Counsel for Defendant
>
> Kimberly Kovach, Esq.
> 9 Court Street Second Floor
> Uniontown, PA 15401
> PA ID No. 82091
>      Counsel for Defendant


*/s/ William J. Leon*

**William J. Leon, LC**
1200 Dorsey Avenue
Suite III
Morgantown,  WV
26501
304.554.3880

20